UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-cv-425 CAN |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff, William Ortiz ("Ortiz"), filed his complaint for loss of mail. The Court now issues the following order pursuant to the consent of the parties and 28 U.S.C. § 636(c). For the following reasons, the Court **GRANTS** summary judgment for the Defendant, United States Postal Service ("USPS").

**I.   PROCEDURE**

On July 23, 2010, Ortiz filed his *pro se* complaint in small claims court against USPS for loss of mail, listing his damages at $3,500. On October 13, 2010, USPS filed a notice of removal to this Court. On October 14, 2010, USPS filed its answer to the complaint. On November 23, 2010, the parties consented to have the case decided by the undersigned.

After the parties submitted status reports, the Court set a discovery deadline for July 8, 2011. When the discovery period closed, the Court set the matter for a status conference on October 14, 2011, to set dispositive motion deadlines.

On November 15, 2011, USPS, filed a motion for summary judgment. On February 14, 2012, Plaintiff, William Ortiz ("Ortiz"), filed a response simply asking the Court to deny the motion. Neither party has presented the Court with any facts. Ortiz's *pro se* complaint contains

no factual basis for his claim. Ortiz's response contains no recitation of facts.

## II. ANALYSIS

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001). To overcome a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

Ortiz has asked the Court to deny USPS's motion for summary judgment, but he has failed to present the Court with any facts. He simply rests on the mere allegations in his complaint that his mail was stolen and that he is entitled to the damages he claims. He has not presented any evidence, let alone sufficient evidence, to show the existence of each element of his case. *See Celotex*, 477 U.S. at 322-23. As a result, the Court finds that there are no genuine issues of material fact to be determined.

Furthermore, USPS is entitled to judgment as a matter of law. Under 28 U.S.C. § 1346(b) and §§ 2671 *et seq.*, the United States has waived sovereign immunity to tort claims. However,

there are certain exceptions where the United States has retained its sovereign immunity. One such exception bars "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2860(b); *see Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006) (explaining that USPS may be liable for torts committed by employees, but not for claims arising from the loss, miscarriage, or negligent transmission of letters or postal matter). Ortiz's claim is specifically for the loss of mail, and the United States is protected from such claims. As a result, USPS is entitled to judgment as a matter of law.

### III.  CONCLUSION

Because there are no factual disputes to resolve and USPS is protected from Ortiz's claim by sovereign immunity, the Court **GRANTS** USPS's motion for summary judgment. [Doc. No. 14]. The clerk is instructed to enter judgment in favor of USPS.

**SO ORDERED.**

Dated this 12th day of March, 2012.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
